IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CATHY HITES, )
)
    Plaintiff, )
)
    v. ) Civil Action No. 13-1617
)
CAROLYN W. COLVIN, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

O R D E R

AND NOW, this 23rd day of December, 2014, upon consideration of Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Summary Judgment, the Court, upon review of the Acting Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues, in sum, that the Administrative Law Judge ("ALJ") failed to base his assessment of Plaintiff's residual functional capacity ("RFC") on substantial evidence. Specifically, Plaintiff alleges that the ALJ erred by: (1) improperly substituting his lay judgment for that of Plaintiff's treating psychiatrist; and (2) failing to give significant weight to the opinion of Plaintiff's treating primary care physician over the opinions of the state agency examiners. See Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 9 at 3, 9-10). The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, the Court finds no merit in Plaintiff's contention regarding the ALJ's decision not to give controlling weight to the opinion rendered by Dr. Huang, Plaintiff's treating psychiatrist. It is well-established that "[t]he ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). "The law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). A treating physician's opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007). A treating physician's opinion on the ultimate issue of disability is not entitled to any "special significance," and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Social Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).

The Court finds that the ALJ did not, as Plaintiff alleges, substitute his own lay judgment for the judgment of Dr. Huang. Rather, the ALJ fulfilled his duty as fact-finder to evaluate Dr. Huang's opinion, considering a number of factors, and in light of all the evidence presented in the record. See 20 C.F.R. §§ 404.1527, 416.927 (factors to consider include the length of the treatment relationship, the frequency of examination, and the opinion's consistency with the record as a whole). In reviewing Dr. Huang's opinion, the ALJ initially noted that, in April, 2012, "two months after beginning professional mental health treatment," Dr. Huang completed a mental RFC questionnaire for Plaintiff. (R. 23). The ALJ specified that, since Dr. Huang was only seeing Plaintiff once every two months, then after two months of treatment, Dr. Huang had had, at most, two appointments with Plaintiff when she made her conclusions. (R. 23). Nevertheless, Dr. Huang reported, among other findings, that Plaintiff had "significant anxiety and depression, which were not responding to treatment." (R. 23). The ALJ concluded that "[t]he fact that this treatment only recently began fails to support an allegation of disability since the alleged disability onset date." (R. 23). After extensive consideration of all the evidence

presented, including evidence of the activities in which Plaintiff engaged, the ALJ ultimately gave little weight to Dr. Huang's findings "because they [were] inconsistent with the other evidence of record, including the claimant's reported activities." (R. 23).

Second, the Court finds that substantial evidence supports the ALJ's decision to give significant weight to the opinions of the state agency examiners over the opinion of Dr. Shetty, Plaintiff's treating primary care physician. Throughout his discussion in this case, the ALJ clearly considered the relevant medical evidence in the record, provided discussion of the evidence to support his evaluation, and ultimately concluded that the final opinion of Dr. Shetty was not supported by the evidence as a whole. (R. 18-22). For example, after detailing Plaintiff's overall treatment history, the ALJ described a form completed by Dr. Shetty in November, 2009, in which Plaintiff was described as being "capable of light exertion work with essentially good functioning in all areas." (R. 21). The ALJ stated that he gave this opinion of Dr. Shetty "great weight because it is supported by the evidence at that time." (R. 21). He also explained that Dr. Shetty completed another form (along with federal student loan discharge papers) on Plaintiff's behalf in May, 2011, in which she listed Plaintiff's various impairments. (R. 22). He noted, however, that this report was "inconsistent with the treatment records, including Dr. Shetty's reports." (R. 22). Additionally, Dr. Shetty made no referral for more specialized treatment or for pain management, nor did Plaintiff have any hospitalizations or emergency treatments, and Dr. Shetty was, in fact, "able to control these impairments despite infrequent medical appointments." (R. 22). The ALJ thus accorded this second report "little weight in assessing the claimant's level of functioning from the alleged disability onset date through the date of" his decision. (R. 22).

The record contained additional opinion evidence to which the ALJ gave great weight. In March, 2011, Dr. Christo, a consultative physician, evaluated Plaintiff, noted her various complaints, reviewed her history, and conducted his own examination of Plaintiff. (R. 21). He indicated, based upon his examination and interview with Plaintiff, that she "could lift and carry up to 25 pounds frequently and has no limitations in standing, walking, sitting, pushing, pulling, or in postural activities such as bending, kneeling, stooping, crouching, balancing and climbing." (R. 21). The ALJ afforded Dr. Christo's report "great weight" in formulating his determination, and he ultimately found that Plaintiff had further limitations than Dr. Christo provided. (R. 21). Also in March, 2011, Dr. Mortimer, a state reviewing physician, examined Plaintiff's records, noted her impairments and her activities of daily living, and found that Plaintiff could perform light exertion work. (R. 21). The ALJ stated that he also gave Dr. Mortimer's opinion "great weight" and incorporated it into Plaintiff's RFC. (R. 21). Additionally, in March, 2011, Dr. Ondis, a state reviewing psychologist, evaluated Plaintiff's records and found no severe mental health impairments. (R. 22). The ALJ observed that Dr. Ondis "noted the claimant did not receive professional mental health treatment," and he "indicated that at most, her mental impairments cause her no more than mild limitations in her work-related functioning." (R. 22). Again, the ALJ gave the report "significant weight," yet he eventually assessed Plaintiff as having greater limitations than those identified by Dr. Ondis. (R. 22). Upon review, the Court therefore finds that the ALJ properly discharged his duty to address not just Dr. Shetty's opinion, but also the other opinions presented in the record. The Court finds that substantial evidence supports the ALJ's evaluation of the opinion evidence and his decision not to give controlling weight to the opinion of Dr. Shetty in making his ultimate determinations.

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Judgment on the Pleadings (document No. 8) is DENIED and Defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

Moreover, the ALJ's decision shows that he relied on more than just the opinions of the state agency physicians and psychologist in reaching his conclusions, as he cited to a great deal of objective evidence in the record and to Plaintiff's own testimony. In fact, after carefully considering the evidence, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with" the ALJ's RFC assessment. (R. 19). In his decision, the ALJ described Plaintiff's medical treatment and Plaintiff's own statements in connection with her alleged impairments, and found that the objective findings of record and Plaintiff's treatment history did not fully support the limitations she alleged. For example, the ALJ stated that Plaintiff's "report of disabling symptoms is rendered unpersuasive because they are not consistent with the treatment records or the claimant's reported activities" (noting additionally that Plaintiff "is able to drive, do laundry, clean, shop, watch television, visit with family and friends, and run errands"). (R. 20). The ALJ also pointed out that Plaintiff's treatment for her allegedly disabling impairments "was essentially routine and conservative in nature," and that "[s]ince the alleged disability onset date, the claimant has not undergone surgery, physical therapy, or pain management treatment." (R. 20). He also stated that the history of treatment Plaintiff did receive "from her primary care physician show[s] gaps in appointments and there is no evidence that her impairments worsened without treatment that is more frequent." (R. 20). Finally, the ALJ stressed that Plaintiff's "mental health provider indicated the claimant began treatment in February 2012, only months before the hearing regarding her application for benefits." (R. 20). The ALJ stated that, "[i]n determining the claimant's functional abilities, numerous factors were considered, including the claimant's credibility," and, after evaluating all the evidence, he concluded that, "[a]ll of these factors do not support the claimant's allegation of disability." (R. 20).

In sum, the ALJ addressed all relevant evidence in the record, including full consideration of the opinion evidence, and he thoroughly discussed the basis for his RFC finding. After careful review of the record, the Court finds that there is substantial evidence to support the ALJ's reasons for not giving controlling weight to the opinions of Dr. Huang and Dr. Shetty. Furthermore, the Court finds that there is substantial evidence to support the ALJ's decision to give greater weight to other opinions in the record in reaching his final assessment. Accordingly, the Court affirms.